**SO ORDERED: August 20, 2007.**

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

```
           UNITED STATES BANKRUPTCY COURT
            SOUTHERN DISTRICT OF INDIANA
                INDIANAPOLIS DIVISION

IN RE:
KATHERINE ANN KEIBEL       ) CASE NO. 05-27613-FJO-7A
                           )
                           )
         Debtor            )
```

### ORDER

This matter came before the Court upon the filing of the Debtor's Motion to Set Aside Order of Turnover dated September 20, 2006 and the Trustee's response thereto. This Court held a continued hearing on July 16, 2007. It is now ready for the Court's consideration.

### BACKGROUND

The Debtor filed bankruptcy on October 13, 2005. She indicated that she was a self-employed behavioral consultant. She listed on Schedule B a "$6,000 unallowed A/R (accounts receivable) to Indiana." She did not claim

the property as exempt on Schedule C.

After the meeting of creditors on February 21, 2006, the Trustee abandoned some of Debtor's property but specifically noted that the accounts receivable were not being abandoned.

The Trustee, on May 31, 2006, filed a Motion for Turn Over seeking the turnover of the Debtor's nonexempt assets including the "Debtor's accounts receivable for Debtor's business on the date of the filing." The Debtor filed a response to the Motion and the Court set the matter for hearing for August 14, 2006.

On August 11, 2006, days before the hearing on the Motion for Turnover and the Debtor's Objection, the Debtor filed amendments to Schedule B and C. On the amended Schedule B, the Debtor changed the description of the property from "$6,000 unallowed A/R to Indiana" with a $0.00 value, to "compensation payable for services rendered" with a value of $8,048.75. The amendment to Schedule C reflected the Debtor's claimed exemption of $6,036.56 of the $8,048.75 as exempt wages under the Indiana Wage Garnishment Statute (I.C. section 24-4.5-5-105(2))

At the hearing on August 14, 2006, the Court granted the Trustee's Motion for Turnover. The Court entered an Order on August 15, 2006 granting the Trustee's Motion for

2

Turnover and ordered the Debtor to turnover, among other items, her accounts receivable from her business. On September 20, 2006, another order was entered by the Court again granting the Trustee's Motion for Turnover. Although the language differs slightly, the order does not "substantially" modify the prior order as asserted by the Debtor in her responsive pleadings. Both orders grant the Trustee's Motion for Turnover and order the Debtor to turn over to the trustee the accounts receivable from her business. No appeal was taken from the Court's orders granting the Trustee's Motion for Turnover. The Debtor did not file the present motion until five and ½ months after the Court's September 20, 2006 order. The Court therefore finds that the issues addressed in the orders are final. No basis for reopening the matter after the appeal time has expired has been presented to the Court. Therefore, the Court finds that the relief requested in the Motion to Set Aside Order of Turnover Entered filed by the Debtor on March 1, 2007 shall be denied. It is, therefore

ORDERED ADJUDGED AND DECREED that the Debtor's Motion to Set Aside Order of Turnover Entered is hereby DENIED.